Hector J. Quezada (SBN 330236)
International Institute of Los Angeles
3845 Selig Place
Los Angeles, CA 90031
(323) 264-6217
hquezada@iilosangeles.org
Pro-bono Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

**OSVALDO MACHADO-LEON,**

Petitioner,

v.

WARDEN, Adelanto ICE Processing Center; FIELD OFFICE DIRECTOR, ICE Los Angeles; DIRECTOR, U.S. Immigration and Customs Enforcement; and SECRETARY, U.S. Department of Homeland Security,

Respondents.

**Related Case:**
No. 5:26-cv-01518-SB-DFM

Case No. **5:26-cv-4821**

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

## I. INTRODUCTION

1. Petitioner Osvaldo Machado-Leon ("Petitioner"), a native and citizen of Cuba, has been continuously detained by U.S. Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California since August 12, 2025—more than twelve months. He has no criminal history. He brings this petition challenging the constitutionality of his prolonged civil detention under the Fifth Amendment's Due Process Clause.

2. Petitioner raises two claims. First, his detention has become unreasonably prolonged without a constitutionally adequate custody hearing that satisfies due process. Second, the immigration judges who have conducted custody hearings in his case have failed to make individualized, reviewable findings and have failed to apply the governing burden of proof as required by *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). Both claims challenge *legal and constitutional error*—not the discretionary weighing of evidence—and are therefore reviewable by this Court notwithstanding 8 U.S.C. § 1226(e). *Martinez v. Clark*, 124 F.4th 775, 781 (9th Cir. 2024).

3. This Court previously adjudicated a habeas petition filed by Petitioner in Case No. 5:26-cv-01518-SB-DFM (Blumenfeld, J.), which was dismissed as moot on April 30, 2026 after the Court granted a temporary restraining order directing a custody hearing compliant with *Singh*. This petition is not duplicative of the prior proceeding. It arises from materially changed circumstances: Petitioner's detention has now exceeded twelve months; the immigration judge who conducted the court-ordered hearing on April 20, 2026 repeated the identical constitutional defect this Court identified; and the July 10, 2026 merits denial by Immigration Judge Gallegos—ordering removal to Cuba—ensures that Petitioner faces many additional months of detention during his pending appeal to the Board of Immigration Appeals ("BIA"), with no constitutionally adequate review of his custody.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(1). Petitioner is "in custody in violation of the Constitution . . . of the United States." *Id.* § 2241(c)(3).

5. Venue is proper in the Central District of California, Eastern Division, because Petitioner is detained at the Adelanto ICE Processing Center in

Adelanto, San Bernardino County, California, which is within this judicial district. 28 U.S.C. § 2241(a).

6. This Court retains jurisdiction to review Petitioner's claims notwithstanding 8 U.S.C. § 1226(e). Section 1226(e) bars review of discretionary bond determinations but does not strip jurisdiction over challenges to the "statutory framework" or constitutional claims. *Martinez v. Clark*, 124 F.4th 775, 781 (9th Cir. 2024); *see also Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011). Petitioner challenges the legal standard applied and the constitutional adequacy of his custody proceedings, not the discretionary weighing of evidence.

**III. PARTIES**

7. Petitioner Osvaldo Machado-Leon is a native and citizen of Cuba. His alien registration number is A# 216-976-363. He is presently detained at the Adelanto ICE Processing Center, located at 10400 Rancho Road, Adelanto, California 92301.

8. Respondent Warden of the Adelanto ICE Processing Center is the immediate custodian of Petitioner and is responsible for his physical detention. The Warden is sued in his or her official capacity.

9. Respondent Field Office Director, ICE Los Angeles, exercises supervisory authority over ICE detention within this district and is sued in his or her official capacity.

10. Respondent Director of U.S. Immigration and Customs Enforcement is responsible for ICE detention policies and practices nationwide and is sued in his or her official capacity.

11. Respondent Secretary of the U.S. Department of Homeland Security has ultimate supervisory authority over ICE and Petitioner's detention and is sued in his or her official capacity.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Exhaustion of administrative remedies is a prudential requirement, not a jurisdictional bar, in § 2241 habeas proceedings challenging immigration detention. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Courts in this circuit routinely excuse exhaustion where, as here, the claims raise purely constitutional questions not cognizable before the BIA, or where pursuit of administrative remedies would be futile. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

13. Petitioner's claims challenge the constitutional adequacy of his custody proceedings under the Due Process Clause. The BIA lacks authority to

adjudicate constitutional claims. *See Arango-Aradondo v. INS*, 13 F.3d 1352, 1354 (9th Cir. 1994). Requiring Petitioner to exhaust a remedy that cannot address his constitutional injury would be futile.

14. This Court previously excused exhaustion on materially the same posture in Case No. 5:26-cv-01518-SB-DFM, finding that requiring Petitioner to await Board review would be futile. Petitioner pursued a bond appeal to the Board following the March 5, 2026 denial (filed March 28, 2026). That appeal was subsequently withdrawn in July 2026 via a Motion to Withdraw Appeal under 8 C.F.R. § 1003.4, after the July 10, 2026 merits denial materially changed the bond litigation posture. The prior federal habeas petition was dismissed as moot on April 30, 2026 (Blumenfeld, J.), following the Court's grant of a temporary restraining order and the completion of the court-ordered bond hearing. That disposition was not a merits adjudication, and this petition raises new claims based on materially changed circumstances occurring after that dismissal.

## V. STATEMENT OF FACTS

### A. Background and Detention

15. Petitioner entered the United States on or about April 27, 2021 near San Luis, Arizona. He was processed and, on May 12, 2021, was released

from custody on an Order of Release on Recognizance (Form I-220A) under § 236 of the Immigration and Nationality Act.

16. Petitioner resided in Las Vegas, Nevada for approximately four years. During that time, he believed in good faith that an asylum application was pending on his behalf. In fact, a notario had filed a Form I-485 adjustment of status application, which was denied on November 11, 2022 for failure to respond to a Request for Evidence—not on the merits. Petitioner was the victim of notario fraud and was unaware of the filing or its denial.

17. On August 12, 2025, the USCIS Los Angeles Asylum Office found Petitioner's fear claim credible and issued a positive credible fear determination. That same day, Petitioner—who had appeared voluntarily at a routine ERO appointment—was detained, served with a Notice to Appear, and charged with inadmissibility under INA §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I). Petitioner has no criminal history.

18. On September 29, 2025, Petitioner filed a Form I-589 application for asylum, withholding of removal under INA § 241(b)(3), and protection under the Convention Against Torture with the Adelanto Immigration Court.

**B. The Constitutionally Deficient Bond Proceedings**

19. On February 9, 2026, a scheduled *Rodriguez* custody hearing before Immigration Judge Maury was withdrawn without prejudice.

20. On March 5, 2026, Immigration Judge Maury conducted a custody redetermination hearing and denied bond. The entirety of the immigration judge's written reasoning consisted of two words: "Flight Risk." The order contained no factual findings, no weighing of evidence, no discussion of Petitioner's community ties or lack of criminal history, no assessment of the duration of detention, and no citation to any legal standard.

21. On March 28, 2026, Petitioner appealed the bond denial to the Board of Immigration Appeals.

**C. The Prior Habeas Proceeding and Court-Ordered Bond Hearing**

22. On March 30, 2026, Petitioner filed a petition for writ of habeas corpus in this District, Case No. 5:26-cv-01518-SB-DFM. On April 15, 2026, the Court (Blumenfeld, J.) granted a temporary restraining order directing a bond hearing compliant with *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), including the requirement that the government bear the burden of proving by clear and convincing evidence that detention is justified.

23. On April 20, 2026, Immigration Judge Marcus conducted the court-ordered bond hearing. Immigration Judge Marcus denied bond, stating that "no amount of bond can ameliorate" the perceived risk. The immigration judge's reasoning was delegated entirely to the audio recording of the hearing; no written findings were issued. The order again contained no individualized, reviewable findings addressing the *Singh* factors and no indication that the government's burden of proof by clear and convincing evidence was applied.

24. On April 30, 2026, the Court dismissed the prior habeas petition as moot, the court-ordered bond hearing having been conducted. Case No. 5:26-cv-01518-SB-DFM (Final Judgment, Blumenfeld, J.).

**D. The Merits Denial and Continued Detention**

25. The BIA bond appeal (filed March 28, 2026) was withdrawn in July 2026 via a Motion to Withdraw Appeal under 8 C.F.R. § 1003.4, after the July 10, 2026 merits denial materially altered the bond litigation posture.

26. On July 10, 2026, Immigration Judge Gallegos issued a full merits decision denying Petitioner's applications for asylum (on one-year filing deadline grounds), withholding of removal, and protection under the

Convention Against Torture, and ordered Petitioner removed to Cuba. Petitioner has reserved appeal and filed a Notice of Appeal (EOIR-26) to the Board of Immigration Appeals. The merits appeal is expected to take many additional months.

27. Petitioner has now been continuously detained for more than twelve months. He is a Cuban national. Cuba's well-documented non-cooperation with United States repatriation efforts makes the prospect of actual removal uncertain even after a final order of removal.

28. At no point during Petitioner's more than twelve months of detention has he received a constitutionally adequate custody hearing in which the government bore its burden of proof by clear and convincing evidence, individualized findings were made and recorded, and the duration of detention was meaningfully weighed as required by the Due Process Clause.

## VI. CLAIMS FOR RELIEF

### CLAIM ONE

### UNREASONABLY PROLONGED DETENTION WITHOUT CONSTITUTIONALLY ADEQUATE CUSTODY HEARING

### (Fifth Amendment — Due Process Clause)

29. Petitioner re-alleges and incorporates by reference the allegations in paragraphs.

30. The Fifth Amendment's Due Process Clause prohibits the government from subjecting a civil detainee to unreasonably prolonged detention without constitutionally adequate procedural safeguards. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects.").

31. The Ninth Circuit has held that prolonged detention under § 1226(a) requires heightened procedural protections, including periodic bond hearings at which the government bears the burden of justifying continued detention by clear and convincing evidence. *Casas-Castrillon v. DHS*, 535 F.3d 942, 950–51 (9th Cir. 2008); *Diouf v. Napolitano*, 634 F.3d 1081, 1091–92 (9th Cir. 2011); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1199–1200 (9th Cir. 2022).

32. Petitioner has been detained for more than twelve months. The July 10, 2026 merits denial and pending BIA appeal ensure that his detention will continue for many additional months. Despite this prolonged detention,

Petitioner has not received a single custody hearing that satisfied constitutional due process requirements. The March 5, 2026 hearing produced a two-word order ("Flight Risk") devoid of findings. The April 20, 2026 hearing—conducted pursuant to this Court's order—produced a conclusory denial with no written findings and no indication that the constitutionally required burden of proof was applied.

33. The *Mathews v. Eldridge* balancing test weighs decisively in Petitioner's favor. The private interest—physical liberty—is among the most fundamental interests protected by the Constitution. The risk of erroneous deprivation is acute: two custody hearings have been conducted without individualized findings, without application of the governing burden of proof, and without any written analysis that would permit meaningful review. The government's interest in ensuring appearance and community safety can be adequately served through bond with appropriate conditions.

34. Petitioner's prolonged detention without a constitutionally adequate custody hearing violates the Due Process Clause of the Fifth Amendment.

**CLAIM TWO**

**FAILURE TO MAKE INDIVIDUALIZED REVIEWABLE FINDINGS AND APPLY GOVERNING BURDEN OF PROOF**

**(Fifth Amendment — Due Process Clause — *Singh v. Holder*)**

35. Petitioner re-alleges and incorporates by reference the allegations in paragraphs.

36. Under *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), an immigration judge conducting a custody hearing must (a) place the burden on the government to demonstrate by clear and convincing evidence that the noncitizen is a flight risk or danger to the community, and (b) make individualized findings that are sufficient to permit meaningful judicial review. *Id.* at 1203–05.

37. Neither the March 5, 2026 bond order (Immigration Judge Maury) nor the April 20, 2026 bond order (Immigration Judge Marcus) satisfies *Singh*. The March 5 order consisted solely of the words "Flight Risk," with no factual findings, no weighing of evidence, and no citation to any legal standard. The April 20 order stated that "no amount of bond can

ameliorate" the perceived risk, delegated all reasoning to the audio recording, and likewise contained no individualized, reviewable findings.

38. Neither order indicates that the immigration judge applied the constitutionally required burden of proof—clear and convincing evidence on the government—rather than the regulatory standard placing the burden on the detainee. *Compare Singh*, 638 F.3d at 1203–05 (requiring government to bear burden by clear and convincing evidence), *with* 8 C.F.R. § 1236.1(d)(1) (placing burden on detained noncitizen). The absence of any reference to the governing standard, combined with the absence of findings, gives rise to a strong inference that the wrong standard was applied.

39. The failure to make individualized, reviewable findings and to apply the governing burden of proof constitutes legal and constitutional error reviewable by this Court notwithstanding § 1226(e). *Martinez v. Clark*, 124 F.4th 775, 781 (9th Cir. 2024) (§ 1226(e) does not bar judicial review of whether the correct legal standard was applied).

40. Respondents' failure to provide Petitioner with a custody hearing that complies with *Singh* violates the Due Process Clause of the Fifth Amendment.

## VII. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a. Issue an order to show cause directing Respondents to demonstrate why Petitioner's continued detention is justified;

b. Order Petitioner's immediate release from custody, or in the alternative, order a bond hearing before an immigration judge at which:

(i) the government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community;

(ii) the immigration judge makes individualized, written findings addressing each factor considered, including the duration of Petitioner's detention; and

(iii) the immigration judge meaningfully weighs the duration of Petitioner's detention as a factor weighing in favor of release;

c. Stay Petitioner's removal pending resolution of this petition;

d. Award Petitioner his costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

e. Grant such other and further relief as this Court deems just and proper.

Dated: **August 24, 2026**

Respectfully submitted,

*/s/ Hector J. Quezada*

________________________________

HECTOR J. QUEZADA (SBN 330236)

International Institute of Los Angeles

3845 Selig Place

Los Angeles, California 90031

Email: hquezada@iilosangeles.org

*Attorney for Petitioner*

*Osvaldo Machado-Leon*

## VERIFICATION

I, Osvaldo Machado-Leon, am the Petitioner in the above-captioned action. I have read the foregoing Petition for Writ of Habeas Corpus and know the contents thereof. The factual statements therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **August 24, 2026**, at Adelanto, California.

*/s/ Osvaldo Machado-Leon*

________________________________

OSVALDO MACHADO-LEON

Petitioner