**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

OSVALDO MACHADO-LEON,

Petitioner,

v.

WARDEN ADELANTO ICE PROCESSING CENTER et al.,

Respondents.

Case No. 5:26-cv-04821-DFM

ORDER GRANTING IN PART UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION

Petitioner Osvaldo Machado-Leon filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his over one-year detention by U.S. Immigration and Customs Enforcement ("ICE") and the bond proceedings conducted throughout the same. See Dkt. 1 ("Petition"). Respondents did not appear or respond by the Court-set deadline. See Dkt. 5. Nor did Respondents request an extension of time to appear or respond. Respondents' failure to respond does not itself entitle Petitioner to relief, see Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), so the Court treats the Petition's well-pleaded allegations as uncontested and reaches the merits.

## II. BACKGROUND

Petitioner, a native and citizen of Cuba, entered the United States on or about April 27, 2021. See Petition ¶ 15. He was processed and, on May 12,

2021, released on an Order of Release on Recognizance (Form I-220A). See id. Petitioner lived in the community for approximately four years. See id. ¶ 16. During that time, he believed in good faith that an asylum application was pending on his behalf. See id. A "notario" had filed a Form I-485 adjustment of status application, which was denied on November 11, 2022 for failure to respond to a Request for Evidence. See id. Petitioner alleges that he was a victim of "notario fraud" and was unaware of the filing or its denial. See id.

On August 12, 2025, U.S. Citizenship and Immigration Services found Petitioner's fear claim credible and issued a positive credible fear determination. See id. ¶ 17. That same day, Petitioner—who had appeared voluntarily at a routine appointment—was detained by ICE, served with a Notice to Appear, and charged with inadmissibility under sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). See id. Petitioner has no criminal history. See id.

On September 29, 2025, Petitioner filed a Form I-589 application for asylum, withholding of removal under INA § 241(b)(3), and protection under the Convention Against Torture ("CAT"). See id. ¶ 18. On July 10, 2026, an IJ issued a full merits decision denying Petitioner's applications for asylum (on one-year filing deadline grounds), withholding of removal, and protection under the CAT, and ordered Petitioner removed to Cuba. See id. ¶ 26. Petitioner has appealed to the Board of Immigration Appeals ("BIA"). See id.

While detained, Petitioner has received two bond hearings. See id. ¶¶ 20-24. On March 5, 2026, after Petitioner had been detained for over six months, an IJ denied bond with an order stating: "Flight Risk." See id. ¶ 20. The order contained no factual findings, weighing of evidence, discussion of Petitioner's community ties or lack of criminal history, assessment of the duration of detention, or citation to any legal standard. See id. On March 28, Petitioner

appealed the bond denial to the BIA. See id. ¶ 21. Petitioner later withdrew the appeal after the merits denial altered the litigation posture. See id. ¶ 25.

On March 30, Petitioner filed a counseled petition for a writ of habeas corpus in federal court challenging the sufficiency of the bond hearing and the legality of his detention under the Fifth Amendment Due Process Clause and the INA. See Machado-Leon v. Facility Admin., No. 26-1518 (C.D. Cal. 2026) ("Machado-Leon I"), Dkt. 1. On April 15, Judge Blumenfeld granted in part Petitioner's application for a temporary restraining order and ordered another bond hearing. See id., Dkt. 10.

At the April 20 bond hearing, the IJ again denied bond, stating that "no amount of bond can ameliorate" the perceived risk. See Petition ¶ 23. The IJ's reasoning was delegated entirely to the audio recording of the hearing; no written findings were issued. See id. Thereafter, Judge Blumenfeld dismissed the prior petition as moot. See Machado-Leon I, Dkt. 15.

The instant Petition asserts two claims: (1) Petitioner's detention has become unreasonably prolonged without a constitutionally adequate bond hearing in violation of the Fifth Amendment Due Process Clause; and (2) the IJs who have conducted custody hearings have failed to make individualized, reviewable findings and apply the correct burden of proof in violation of the Fifth Amendment Due Process Clause. See Petition ¶¶ 2, 29-40. Petitioner requests his immediate release from custody or, alternatively, a bond hearing before an IJ with certain specifications. See id. at 15.

## III. DISCUSSION

Notwithstanding 8 U.S.C. § 1226(e), the Court retains jurisdiction to review questions of law or reviewable mixed questions of law and fact concerning immigration bond proceedings. See Martinez v. Clark, 124 F.4th 775, 781-85 (9th Cir. 2024). When mixed questions require a close review of agency-found facts, the habeas court reviews for an abuse of discretion. See id.

at 784-85. Exhaustion is prudential, see Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011), and not argued by the non-appearing Respondents.

In Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022), the Ninth Circuit rejected the contention that a detainee held under § 1226(a), who had access to the statutory bond process, becomes constitutionally entitled, simply due to time, to a further hearing at which the Government bears a heightened burden. There, the petitioner received a § 1226(a) bond hearing about two months into detention, was denied release, and remained detained for approximately fourteen more months without another hearing. See id. at 1194-95. Applying the framework of Mathews v. Eldridge, 424 U.S. 319 (1976), the Ninth Circuit held that due process did not require a second hearing with the Government bearing the burden of proof. See Rodriguez Diaz, 53 F.4th at 1206-13. The court emphasized the individualized hearing already provided, the right to appeal, and the ability to request redetermination based on materially changed circumstances. See id. at 1207-11.

The court further held that "duration alone" could not sustain a due process challenge by a detainee who had been afforded the process contemplated by § 1226(a) and its implementing regulations. See id. at 1212 (quoting Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 277 (3d Cir. 2018)). The court did not, however, foreclose all as-applied challenges to § 1226(a)'s procedures. See id. at 1213-14.

When considering a reviewable question regarding an IJ's bond determination, "[g]enerally, in the absence of any red flags, [the Court] take[s] [IJs] at [their] word." See Martinez, 124 F.4th at 785. "For example, when nothing in the record or the [IJ's] decision indicates a failure to consider all the evidence, [the Court] will rely on the [IJ's] statement that [they] properly assessed the entire record." Id. (simplified and citation omitted). The Court "do[es] not require [IJs] to discuss each piece of evidence submitted." Id.

(internal quotation marks and citation omitted). The Court accepts that an IJ applied the correct legal standard if the IJ "expressly cited and applied [the relevant caselaw] in rendering [their] decision." See id. (citation omitted). "But when there is an indication that something is amiss, like if the [IJ] misstates the record or fails to mention highly probative or potentially dispositive evidence, [the Court] do[es] not credit [the IJ's] use of a catchall phrase to the contrary." Id. (simplified and citation omitted).

Petitioner argues that the IJs failed to make individualized, reviewable findings and failed to apply the correct burden of proof. See Petition ¶¶ 35-40. Respondents have not contested Petitioner's allegations. Respondents have not argued that the IJs made the requisite findings. Respondents have not argued that the IJs applied the correct burden of proof. Respondents have not argued that the IJs did not abuse their discretion in finding Petitioner to be a flight risk. The parties have not provided the Court with audio recordings of the bond hearings or transcripts thereof. Based on Petitioner's unopposed allegations, the Court will grant the Petition as to Claim Two.

As Respondents have not opposed Petitioner's request for release, the Court will order the same. The Court acknowledges that other courts in this district have concluded that "a new bond hearing is the appropriate remedy to allow the Immigration Court to correct its errors and conduct a bond hearing that complies with governing law." N.A. v. Warden, Adelanto Det. Facility, No. 25-03007, 2026 WL 734587, at *9 (C.D. Cal. Feb. 20, 2026), report and recommendation adopted, No. 25-03007, 2026 WL 734585 (C.D. Cal. Mar. 12, 2026). Nonetheless, as discussed, this is the second time Petitioner has come to federal court to vindicate his rights. Moreover, as stated and unlike N.A., the Petition, including Petitioner's primary request for immediate release, is unopposed.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition is GRANTED in part.

2. Respondents shall forthwith release Petitioner Osvaldo Machado-Leon (A# 216-976-363) on reasonable conditions of supervision.

3. Within five (5) days, Respondents shall file a status report confirming compliance with paragraph 2.

4. Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: September 2, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge